1

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  GENNADY SHAPIRO,                    )  Case No. 2:11-CV-00576-JAM-CMK
                                        )
12                  Plaintiff,          )
                                        )
13        v.                            )
                                        )
14  BANK OF AMERICA, N.A.; PRLAP,       )  ORDER GRANTING DEFENDANTS'
    INC.; RECONSTRUCT COMPANY, N.A.;    )  MOTION TO DISMISS
15  BAC HOME LOANS SERVICING, LP;       )
    VERDUGO TRUSTEE SERVICE             )
16  CORPORATION; CITIBANK, N.A.;        )
    MORTGAGE ELECTRONIC REGISTRATION    )
17  SYSTEMS, INC.; and DOES 1           )
    through 20, inclusive,              )
18                                      )
                                        )
19  _____Defendants._____)

20        This matter comes before the Court on Defendants Bank of

21  America, N.A. ("BANA"), PRLAP, Inc. ("PRLAP"), BAC Home Loans

22  Servicing, LP ("BAC"), and Recontrust Company, N.A.'s

23  ("Recontrust") (collectively "Defendants") Motion to Dismiss

24  ("MTD") (Doc. #16) Plaintiff Gennady Shapiro's ("Plaintiff")

25  Amended Complaint (Doc. #12), pursuant to Federal Rule of Civil

26  Procedure 12(b)(6).[1]  Plaintiff opposes the motion (Doc. #32).

27  _____

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
    scheduled for September 7, 2011.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of a nonjudicial foreclosure of real property located at 8120 Lone Pine Place, Granite Bay, California ("the Property").  See Am. Compl. ¶ 1.  In July, 2005 Plaintiff executed a written Deed of Trust with BANA as beneficiary.  Am. Compl. ¶ 17.  The original trustee was PRLAP.  Am. Compl. Ex. C. In October 2010, Recontrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") on the Property.  Am. Compl. Ex. I.  Two days later, Recontrust recorded a Substitution of Trustee executed by BANA on October 25, 2010 naming Recontrust as the replacement trustee.  Am. Compl. Ex. J. Subsequently, Recontrust recorded a Notice of Trustee's Sale, and the Property was foreclosed upon.  Am. Compl. Ex. K.  Plaintiff's Amended Complaint alleges, generally, that the foreclosure was improper.

The Complaint and supporting exhibits also indicate that the Property was subject to other liabilities involving other Defendants who recorded numerous encumbrances and other documents related to the Property.  Am. Compl. ¶ 20 ("Chain of Title Problems").  The motion currently before the Court is only relevant to claims against Defendants BANA, PRLAP, BAC and Recontrust, which all arise out of the July, 2005 Deed of Trust executed by Plaintiff in BANA's favor and the foreclosure proceedings resulting from that instrument.

For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED in its entirety.

2

1                              II.   OPINION

2          A.   Legal Standard

3          A party may move to dismiss an action for failure to state a

4    claim upon which relief can be granted pursuant to Federal Rule of

5    Civil Procedure 12(b)(6).   In considering a motion to dismiss, the

6    court must accept the allegations in the complaint as true and draw

7    all reasonable inferences in favor of the plaintiff.   Scheuer v.

8    Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

9    Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

10   322 (1972).   Assertions that are mere "legal conclusions," however,

11   are not entitled to the assumption of truth.   Ashcroft v. Iqbal,

12   129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,

13   550 U.S. 544, 555 (2007)).   To survive a motion to dismiss, a

14   plaintiff needs to plead "enough facts to state a claim to relief

15   that is plausible on its face." Twombly, 550 U.S. at 570.

16   Dismissal is appropriate where the plaintiff fails to state a claim

17   supportable by a cognizable legal theory.   Balistreri v. Pacifica

18   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

19         Upon granting a motion to dismiss for failure to state a

20   claim, the court has discretion to allow leave to amend the

21   complaint pursuant to Federal Rule of Civil Procedure 15(a).

22   "Dismissal with prejudice and without leave to amend is not

23   appropriate unless it is clear . . . that the complaint could not

24   be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

25   316 F.3d 1048, 1052 (9th Cir. 2003).

26         B.   Judicial Notice

27         In this case, both parties submit requests for judicial

28   notice.   Generally, the Court may not consider material beyond the

                                      3

1  pleadings in ruling on a motion to dismiss for failure to state a
2  claim.  The exceptions are material attached to, or relied on by,
3  the complaint so long as authenticity is not disputed, or matters
4  of public record, provided that they are not subject to reasonable
5  dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2
6  (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250
7  F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

8      Plaintiff filed an "Exhibit Index and Exhibits A-L to
9  Plaintiff's First Amended Complaint," attaching the Legal
10  Description of Property, Grant Deed, Deed of Trust, Full
11  Reconveyance (August 16, 2005), Full Reconveyance (August 22,
12  2005), Substitution of Trustee (October 20, 2005), Full
13  Reconveyance (October 20, 2005), Deed of Realty in Trust (April 17,
14  2008), Notice of Default, Substitution of Trustee (October 28,
15  2010), Notice of Trustee's Sale, and Deed of Trust [Second
16  Mortgage] (Doc. #12-2, Exs. A-L).  Defendants also request that
17  this Court take judicial notice of the Deed of Trust, Notice of
18  Default, Substitution of Trustee (October 28, 2005), and Notice of
19  Trustee's Sale.  See Defs' Request for Judicial Notice ("RJN"),
20  Doc. #16-2, Exs. A-D.  As Plaintiff did not object to Defendants'
21  request, and because he relies on these documents in his Complaint,
22  this Court will GRANT Defendants' request and take judicial notice
23  of the Deed of Trust, Substitution of Trustee (October 28, 2005),
24  Notice of Default, and Notice of Trustee's Sale (Defs.' RJN,
25  Exhibits A-D) in accordance with Federal Rule of Evidence 201.

26      Plaintiff also included a request for judicial notice in his
27  Opposition to Defendants' Motion to Dismiss, asking this Court to
28  consider two consent orders entered by federal agencies and signed

4

1   by personnel associated with various defendants in this litigation

2   (Doc. #32-1, Exs. A-B).  These documents are irrelevant to the

3   pending motion to dismiss, and this case, and Plaintiff's request

4   as to Exhibits A and B to his Opposition is accordingly DENIED.

5   See Fed. R. Evid. 201.

6        C.   Motion to Dismiss

7             1.   Defendant Recontrust's Standing to Foreclose

8        As a threshold matter, Plaintiff argues that Recontrust did

9   not have standing to initiate proceedings pursuant to California's

10  non-judicial foreclosure statutes.  Whether or not Reconstruct was

11  the correct entity to proceed with the foreclosure bears on

12  multiple causes of action in Plaintiff's Amended Complaint.  The

13  Court addresses this preliminary issue first.

14       Plaintiff specifically alleges that Recontrust was not

15  properly made trustee prior to the October 26, 2010 filing of the

16  Notice of Default because the Substitution of Trustee was not

17  recorded until two days later on October 28, 2010.  Defendant

18  responds that the Substitution of Trustee does not need to be

19  recorded to be valid.

20       Cal. Civ. Code § 2934(a)(1) clearly states that a trustee "may

21  be substituted by the recording in the county in which the property

22  is located of a substitution executed. . . ."  Cal. Civ. Code

23  § 2934(a)(1).  The executed substitution must be acknowledged by

24  either all of the beneficiaries to the deed of trust or at least

25  50% of the beneficiaries of a series of notes secured by the

26  property.  Cal. Civ. Code §§ 2934(a)(1)(A)-(B).  In order to

27  proceed with a non-judicial foreclosure, a notice of default must

28  be recorded by the trustee, mortgagee, or beneficiary of the deed

of trust.  Cal. Civ. Code § 2924(a)(1).  "The statutory

requirements must be strictly complied with, and a trustee's sale

based on a statutorily deficient notice of default is invalid."

Anderson v. Heart Fed. Sav. & Loan Ass'n, 256 Cal. Rptr. 180, 185

(Ct. App. 1989) (internal citations omitted).

     In this case, the Court relies on the facts as stated in

Plaintiff's Amended Complaint and the documents attached to his

complaint, which were also included in Defendants' request for

judicial notice.  Plaintiff alleges that Recontrust was substituted

as trustee when Recontrust recorded the Notice of Substitution on

October 28, 2010, two days after the Notice of Default was filed on

October 26, 2010.  Defendants' response that recording the notice

of substituted trustee was not necessary fails in light of the

statutory requirement to record the notice.  Cal. Civ. Code

§ 2934a(a)(1).  Further, Plaintiff's argument that a Substitution

of Trustee must be recorded is supported by California case law.

Pro Value Props., Inc. v. Quality Loan Serv. Corp., 88 Cal.Rptr.3d

381, 383 (Ct. App. 2009) ("[The purported trustee] was not the

trustee named in the deed of trust, and so was required to record a

Substitution of Trustee pursuant to Civil Code section 2934a.");

Anderson, 256 Cal. Rptr. at 185 (the statutory notice requirements

must be strictly complied with).

     While the Substitution of Trustee appointing Reconstruct as

trustee on the Deed of Trust was recorded two days after the Notice

of Default, this deficiency does not necessarily entitle Plaintiff

to relief.  In Ferguson v. Avelo Mortg., LLC, as modified on June

1, 2011, the purported trustee filed a notice of default before it

was actually substituted as trustee.  126 Cal.Rptr.3d 586, 595 (Ct.

App. 2011).  The problem was cured three months later by the time

the notice of sale was recorded, and the Court of Appeals upheld

the resulting sale.  Id.  Further, another California court held

that a one minute lag between recording a substitution of trustee

and a notice of default was not a sufficient basis to void an

otherwise proper notice of default.  U. S. Hertz, Inc. v. Niobrara

Farms, 116 Cal. Rptr. 44, 55 (Ct. App. 1974).  In order for a

plaintiff to state a claim based on a tardily recorded substitution

of trustee, the plaintiff's complaint must allege some prejudice

resulting from the deficiency.  Id.; Pedersen v. Greenpoint

Mortgate Funding, Inc., No. S-11-0642 KJM EFB, 2011 WL 3818560, at

*21 (E.D. Cal. Aug. 29, 2011).  In the present matter, Plaintiff's

complaint does not allege that his rights were prejudiced by the

two day delay in recording the Substitution of Trustee.  Without

such an allegation, Plaintiff has not pleaded that the Notice of

Default was statutorily deficient.  U. S. Hertz, 116 Cal. Rptr. at

55.

    For these reasons, the Court finds that Plaintiff has failed

to allege that Defendant Reconstruct lacked standing to initiate

foreclosure proceedings against the Property.

### 2.   Federal Claims for Relief

#### a.   Violations of Truth in Lending Act

    Plaintiff alleges that Defendants violated the Truth in

Lending Act ("TILA"), 15 U.S.C. § 1605, and Regulation Z, 12 C.F.R.

§§ 226.4, 226.18, by failing to make required disclosures.  Am.

Compl. ¶¶ 55-56.  Defendants argue that Plaintiff failed to file

his claim within the time period required by TILA, and that the

claim was not properly pleaded.

1    Plaintiff lists a number of disclosures that Defendants

2  allegedly failed to make, as required by TILA, when the loan was

3  created.  He re-lists the alleged faulty disclosures essentially

4  without argument in his Opposition.  Am. Compl. ¶ 56; Opp., at 16.

5  Defendants' argument rests on a conclusory statement that

6  "Plaintiff generically refers to the fact that 'certain charges'

7  were [sic] failed to be disclosed," but Defendants do not address

8  the specific deficiencies identified in the Amended Complaint.

9  MTD, at 5.  While the deficiencies identified by Plaintiff might be

10 sufficient to defeat this motion to dismiss, Defendants also raise

11 the statute of limitations and Plaintiff's failure to plead tender

12 to support dismissal, which makes it unnecessary for the Court to

13 determine if the alleged nondisclosures state a claim upon which

14 relief can be granted.

15    The statute of limitations for a TILA damages claim is one

16 year from the occurrence of a violation.  15 U.S.C. § 1640(e).

17 Under 15 U.S.C. § 1635(f), TILA rescission claims expire three

18 years after the date of consummation of the transaction, or upon

19 sale of the property, whichever occurs first.  The limitations

20 periods for both damages and rescissions actions run from the date

21 of consummation of the transaction.  Wadhwa v. Aurora Loan

22 Services, LLC, 2011 WL 1601593, *2 (E.D. Cal. April 27, 2011)

23 (citing King v. California, 784 F.2d 910, 915 (9th Cir.1986)).

24    In this case, Plaintiff filed his original Complaint on March

25 1, 2011 more than five years after the loan was executed in July

26 2005.  Thus, the Court finds that the filing of the present action

27 was outside of both TILA limitations periods.

28

1      Plaintiff does not disagree that the action was filed outside

2   of the applicable limitations period, but argues that the

3   limitations period should be tolled by the Court.  Plaintiff's

4   argument is that the statute of limitations should be tolled

5   because he is a lay person unfamiliar with federal and state law.

6   He also argues that as an alleged victim of fraud, he did not have

7   a reasonable opportunity to discover Defendant's fraudulent

8   activities with respect to the loan.  Opp., at 11-12.

9      In the Ninth Circuit, "[e]quitable tolling may be applied if,

10  despite all due diligence, a plaintiff is unable to obtain vital

11  information bearing on the existence of his claim." Santa Maria v.

12  Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing Holmberg

13  v. Armbrecht, 327 U.S. 392, 397 (1946)).  Importantly:

14       [E]quitable tolling does not depend on any wrongful
       conduct by the defendant to prevent plaintiff from
15     suing. Instead it focuses on whether there was
       excusable delay by the plaintiff. If a reasonable
16     plaintiff would not have known the existence of a
       possible claim within the limitations period, then
17     equitable tolling will serve to extend the statute of
       limitations for filing suit until plaintiff can gather
18     what information he needs.

19

20  Id. (citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th

21  Cir. 1995)) (other citations omitted).

22     Plaintiff failed to plead facts in his Amended Complaint

23  sufficient to meet the due diligence requirement for equitable

24  tolling.  On the one hand, Plaintiff pleaded that he first learned

25  of Defendants' actions in November 2010 because the alleged non-

26  disclosures and fraudulent actions of Defendants were not apparent

27  from the face of the loan documents.  Am. Compl. ¶ 63.  On the

28  other, Plaintiff pleaded that "upon inspection of the [Deed of

Trust] and Note [received in 2005], Plaintiff began to question whether those documents had been properly drafted." Am. Compl. ¶ 58. Plaintiff does not explain his lack of diligence in investigating the improperly drafted documents in 2005, when he received them. Further, Plaintiff alleges no facts that show that he was diligent through other means in trying to discover Defendants' alleged fraud. Compare Von Brincken v. Mortgageclose.Com, Inc., No. 2:10-CV-2153-JAM-KJN, 2011 WL 2621010, at *3 (E.D. Cal. June 30, 2011) (finding a very similar TILA claim, filed by Plaintiff's counsel, was barred by the statute of limitations and that plaintiff failed to plead facts supporting the application of equitable tolling in his second amended complaint). Since Plaintiff did not plead facts sufficient to justify equitable tolling, the Court declines to toll the statute of limitations.

Finally, Defendants argue that Plaintiff's TILA claim should be dismissed because he failed to plead that he tendered or offered to tender the full amount of the loan to the lender, which is a condition for rescission under TILA. Plaintiff responds that no tender requirement is necessary.

When a plaintiff seeks to rescind a loan under TILA, he must first make an offer of complete tender. See e.g. Little v. Accent Conservatory & Sunroom Designs, 2011 WL 2215816, at *3 (S.D. Cal. June 7, 2011).[2] Here, Plaintiff did not plead tender, but only argues that pleading tender is unnecessary. Plaintiff's position is incorrect.

---

[2] Plaintiff's counsel should be well aware of this rule, as a claim she filed on behalf of a different plaintiff was recently dismissed on the same grounds by this Court. Von Brincken v. Mortgageclose.Com, Inc., No. 2:10-CV-2153-JAM-KJN, 2011 WL 2621010, at *3 (E.D. Cal. June 30, 2011).

1     Accordingly, Plaintiff's TILA claim is dismissed without

2  prejudice.

3                    b.    Violations of RESPA

4     Plaintiff alleges that Defendants violated the Real Estate

5  Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, by

6  "except[ing] [*sic*] charges for the rendering of real estate

7  services which were in fact charges for other than services [*sic*]

8  actually performed.  . . ."  Am. Compl. ¶ 65.

9     RESPA proscribes referral fees or fee splitting "in

10 connection with a transaction involving a federally related

11 mortgage loan.  . . ."  12 U.S.C. § 2607(a), (b).  Plaintiff

12 alleges that fees were collected to "purchase securities and the

13 attendant fees [*sic*] provided for in the MBST Master Sales and

14 Servicing Agreement."  Am. Compl. ¶ 65.  Plaintiff does not explain

15 anywhere in the Amended Complaint or his Opposition what the MBST

16 is, or why the fees assessed were improper.  Defendants argue that

17 there is no indication in Plaintiff's pleading as to what the

18 charges were or how they were collected.  MTD, at 6.  Without some

19 indication in the complaint as to what fees Plaintiff is referring

20 to, his claim cannot survive Defendants' motion.

21    Plaintiff also alleges violations of 12 U.S.C. § 2605.  As

22 Defendants argue and Plaintiff's Amended Complaint points out,

23 § 2605 requires a servicer to take certain actions when a Qualified

24 Written Request ("QWR") is received.  12 U.S.C. § 2605; Amd. Compl.

25 ¶ 66.  Plaintiff does not plead, however, that he sent a QWR to

26 anyone at all.  The Court is unable to determine how § 2605 applies

27 in this situation, and Plaintiff offers no explanation in his

28 Opposition to Defendants' motion.  Opp., at 17-18.

1     Defendants also seek dismissal on the grounds that both of

2 these claims fall outside of the applicable statute of limitations.

3 MTD, at 6 (citing 12 U.S.C. § 2614).  Plaintiff argues that the

4 limitations period should be tolled, but that argument fails for

5 the same reasons stated above.

6     Accordingly, Plaintiff's RESPA claims are dismissed without

7 prejudice.

8               c.   Violations of FCRA

9     Plaintiff alleges that Defendants violated the Fair Credit

10 Reporting Act ("FCRA"), 15 U.S.C. § 1681, by "wrongfully,

11 improperly, and illegally report[ing] negative information as to

12 Plaintiff . . . resulting in Plaintiffs [*sic*] negative information

13 on their credit reports and lowering of their [*sic*] FICO scores."

14 Am. Compl. ¶ 70.  Defendants argue that they are not "credit

15 reporting agencies" for purposes of FCRA, and that FCRA only

16 applies to credit reporting agencies.  MTD, at 7.  Defendants'

17 argument is inapplicable because Plaintiff brings a claim under

18 § 1681s-2(b), which deals with entities that <u>furnish</u> information to

19 the credit reporting agencies.  15 U.S.C. §§ 1681n-1681o, 1681s-

20 2(b).

21     There is a private right of action for violations of section

22 1681s-2(b) of FRCA.  <u>Matracia v. JP Morgan Chase Bank</u>, 2011 WL

23 1833092 at *3 (E.D. Cal. May 12, 2011).  However, to succeed on

24 such a claim, a plaintiff must allege that he had a dispute with a

25 credit reporting agency regarding the accuracy of an account, that

26 the credit reporting agency notified the furnisher of the

27 information, and that the furnisher failed to take the remedial

28 measures outlined in the statute.  <u>Id.</u>  Plaintiff has not pleaded

1   the requisite elements of this cause of action in his complaint,

2   namely that he first disputed the allegedly incorrect information

3   with the credit bureaus.  Accordingly, his FCRA claim is dismissed

4   without prejudice.

5                    d.   Civil Rico Violations

6        Plaintiff alleges that Defendants participated in a conspiracy

7   through a pattern of racketeering activities, with multiple

8   entities and parties constituting a civil and criminal enterprise

9   designed to defraud Plaintiff in violation of the Civil Racketeer

10  Influenced and Corrupt Organizations Act ("RICO").  Comp. at ¶¶ 93-

11  96.

12       To properly plead a civil RICO claim for damages, a plaintiff

13  must show that defendants, through two or more acts constituting a

14  pattern, participated in an activity affecting interstate commerce.

15  E.g., McAnelly v. PNC Mortgage, 2011 WL 318575 at *3 (E.D. Cal.

16  Feb. 1, 2011).  Moreover, Rule 9(b)'s heightened pleading

17  requirement "applies to civil RICO fraud claims."  Edwards v. Marin

18  Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing Alan

19  Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.

20  1989)).

21       Defendants correctly assert that Plaintiff's conclusory

22  allegations regarding the alleged RICO violations fall well short

23  of the Rule 9(b) particularity requirements.  MTD, at 12-13; accord

24  Edwards, 356 F.3d at 1066.  Defendants correctly point out that

25  while Plaintiff alleges the participation of multiple entities in

26  the RICO enterprise, he fails to establish what those entities are

27  and how they actually participated.  Id.  Plaintiff's allegations

28  lack any substantiating facts, and this Court cannot discern from

1  Plaintiff's conclusory allegations whether or not there was a

2  pattern of racketeering.

3      Accordingly, Defendants' Motion to Dismiss is granted, and

4  Plaintiff's RICO claim is dismissed without prejudice.

5                  3.   <u>Plaintiff's State Law Claims</u>

6                      a.   <u>Fraud</u>

7      Plaintiff alleges that BANA concealed material information

8  from him, in violation of state and federal regulations.  Am.

9  Compl. ¶ 76.  Specifically, Plaintiff alleges that he was not

10  informed that his loan would be conveyed to a third party, or that

11  his loan payments were going to be used by Bank of America to pay

12  fees, buy insurance, and buy other credit enhancements on behalf of

13  a third party.  <u>Id.</u>  Defendants respond that Plaintiff has not met

14  his pleading burden because he failed to allege the necessary

15  elements to support his fraud claim.  MTD, at 8-9.

16      Federal Rule of Civil Procedure 9(b) provides a heightened

17  pleading standard, which applies to all "averments of fraud,"

18  regardless of whether or not "fraud" is an essential element of the

19  claim.  <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-1105 (9th

20  Cir. 2003).  Rule 9(b) provides that "[i]n alleging fraud or

21  mistake, a party must state with particularity the circumstances

22  constituting fraud or mistake," meaning a plaintiff must plead the

23  "time, place, and specific content of the false representations, as

24  well as the identities of the parties to the misrepresentations."

25  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007) (internal

26  quotations and citations omitted).

27

28

1      Importantly, when a plaintiff pleads a claim for fraud against

2   multiple defendants:

3          Rule 9(b) does not allow a complaint to merely lump
           multiple defendants together but requires plaintiff[ ]
4          to differentiate [his] allegations when suing more
           than one defendant . . . and inform each defendant
5          separately of the allegations surrounding his alleged
           participation in the fraud. . . . [A] plaintiff must,
6          at a minimum, identify the role of each defendant in
           the alleged fraudulent scheme.
7

8   Id. at 764-65 (quotations omitted).

9      Defendants correctly assert that Plaintiff's allegations of

10  fraud are conclusory and lack the specificity required by Rule

11  9(b).  MTD, at 8-9.  Indeed, Plaintiff does not present any factual

12  detail regarding the time, place, or specific content of the

13  alleged misrepresentations by Defendants.  Am. Compl. ¶¶ 76-77.

14  While Plaintiff does allege specific misrepresentations made by

15  BANA, he does not detail the time or place of those alleged

16  misrepresentations.  Id. ¶ 76.  In the next paragraph, Plaintiff

17  reverts to allegations of fraud against "BANK OF AMERICA and/or

18  RECONTRUST," which fails to specify with the particularity required

19  by Rule 9(b) which Defendant committed the alleged fraud, but

20  instead lumps them together under general allegations.  Id. ¶ 77-

21  80.

22     Defendants also point out that Plaintiff's claim is barred by

23  the applicable three-year statute of limitations.  MTD, at 8; Cal.

24  Civ. Proc. Code § 338.  Plaintiff's Complaint includes the same

25  conclusory statement regarding the equitable tolling under his

26  fraud claim as he does under his federal claims, discussed above,

27  which lacks the factual specificity required to toll the

28  limitations period.  Compl. at ¶ 85.

1    Because Plaintiff's fraud claim as currently pled is time-

2    barred and his Complaint fails to meet the pleading standard set by

3    Rule 9(b), Plaintiff's fraud claim is dismissed without prejudice.

4                    b.    Unjust Enrichment

5        Plaintiff alleges that Defendants retained "benefits from

6    their actions of charging a higher interest rate, fees, rebates,

7    kickbacks, profits . . . and gains and yield spread premium fees,

8    fees paid to Server, unrelated to the settlement services provided

9    at closing [*sic*]," unjustly, and to Plaintiff's detriment.  Comp.

10   at ¶¶ 86-87.

11       Many California courts have made clear that unjust enrichment

12   is not a cause of action.  See, e.g., Jogani v. Superior Court,165

13   Cal.App.4th 901, 911 (2008) (citing Melchior v. New Line Products,

14   106 Cal.App.4th 779, 793 (2003)).  Additionally, under California

15   law, it is well settled that an action based upon an implied-in-

16   fact contract or quasi-contract cannot lie where there exists a

17   valid express contract covering the same subject matter between the

18   parties.  Solano v. America's Servicing Company, 2011 WL 1669735 at

19   *7 (E.D. Cal. May 3, 2011).  Notably, Plaintiff does not present

20   law that supports the viability of such a claim.  See Opp. at pgs.

21   21-22.

22       Because Plaintiff has pled an uncognizable claim, Defendants'

23   Motion to Dismiss is granted and Plaintiff's claim for unjust

24   enrichment is dismissed.  It is clear that allowing amendment would

25   be futile as to this claim, as it is not recognized under

26   California law, and Plaintiff is not entitled to implied-in-fact or

27   quasi-contract relief due to the relationship between the parties.

28   See Jogani, 165 Cal.App.4th at 911 (citing Melchior v. New Line

1   **Products**, 106 Cal.App.4th 779, 793 (2003)).   Accordingly,

2   Plaintiff's claim for unjust enrichment is dismissed with

3   prejudice.

4                    c.    Breach of Security Instrument

5        Plaintiff alleges that Defendants improperly foreclosed on his

6   property for a number of reasons: 1) only the Lender can initiate

7   foreclosure according to the Deed of Trust, 2) the Substitution of

8   Trustee is void due to fraud and because it was not executed by the

9   Lender, 3) the Notice of Default was recorded prior to the

10  assignment of the loan, and 4) Defendants failed to meet their

11  obligations under the Deed of Trust prior to initiating foreclosure

12  proceedings.   Am. Compl. ¶¶ 117-118.

13       Preliminarily, the Court notes with great concern that

14  Plaintiff's Amended Complaint refers to several entities that are

15  not parties to the present action.   Am. Compl. ¶ 117 (referencing

16  Quality Loan and Financial Title Company).   This section also

17  refers to documents and dates that contradict allegations made in

18  other parts of Plaintiff's Amended Complaint.   Id. (Referring to

19  Substitution of Trustee involving Quality Loan on November 25,

20  2009).   It appears that Plaintiff's counsel cut and paste portions

21  of the Amended Complaint from pleadings prepared for other cases,

22  causing significant inconsistencies with the pleading.   These

23  errors make it difficult to ascertain the nature of Plaintiff's

24  allegations.   For this reason, among others, boilerplate or "cut

25  and paste" pleadings are strongly discouraged by this Court.

26       The Court now addresses each of the allegations listed under

27  this cause of action.   Plaintiff's allegation that only the Lender,

28  according to the Deed of Trust, may initiate foreclosure

17

1  proceedings is contradicted by the plain language of the Deed of

2  Trust.  The Deed of Trust states, "If Lender invokes the power of

3  sale, Lender shall execute or <u>cause Trustee to execute</u> a written

4  notice of an event of default and of Lender's election to cause the

5  Property to be sold."  Am. Compl. Ex. C, at 9 (emphasis added).

6  The Deed of Trust permits the Trustee to, upon the Lender's

7  authorization, initiate foreclosure proceedings.

8      The Substitution of Trustee is not void, as discussed above.

9  <u>See</u> <u>supra</u> Part II.C.1.  Plaintiff's conclusory reassertion that the

10  Substitution of Trustee was fraudulent does not meet the pleading

11  standard contained in Rule 9(b), as discussed above.

12      Plaintiff alleges that the Notice of Default was not recorded

13  prior to the assignment of the loan.  Plaintiff has not alleged

14  that the loan was ever assigned, and the documents attached to the

15  Amended Complaint indicate that the loan was never assigned making

16  these allegations irrelevant.

17      Finally, Plaintiff alleges that Defendants failed to comply

18  with "any of the expressed provisions of the Deed of Trust."  Am.

19  Compl., at 33.  Defendants argue that the necessary notices were

20  properly recorded and were valid.  MTD, at 19.  The Court agrees

21  that Plaintiff has failed to sufficiently allege that the Notice of

22  Default and Substitution of Trustee are invalid.  <u>See</u> <u>supra</u> Part

23  II.C.1.  Further, the allegation that Defendants failed to comply

24  with "any expressed provisions of the Deed of Trust" does not meet

25  the applicable pleading standard.  Nearly identical allegations

26  were dismissed as conclusory and vague in <u>Von Brincken v.</u>

27  <u>Mortgageclose.Com, Inc.</u>, No. 2:10-CV-2153-JAM-KJN, 2011 WL 2621010,

28  at *7 (E.D. Cal. June 30, 2011), and <u>Matracia v. JP Morgan Chase</u>

1   Bank, NA, No. CIV. 2:11-190 WBS JFM, 2011 WL 1833092, at *5-6 (E.D.

2   Cal. May 12, 2011).   This Court likewise finds that Plaintiff has

3   failed to state a claim for breach of the security instrument, and

4   the claim is dismissed without prejudice.

5                    d.   Wrongful Foreclosure

6         Plaintiff alleges that Defendants did not have standing to

7   foreclose, and if they did have standing, that they failed to

8   comply with California Corporations Code § 313 and California Civil

9   Code § 2923.5.   Defendants respond that they did have standing to

10  foreclose, and that they complied with the statutory requirements.

11        As discussed in Part II.C.1, supra, Plaintiff's claim that

12  Defendants did not have standing to foreclose is not adequately

13  pleaded.

14        Plaintiff claims that the Substitution of Trustee is not valid

15  because the individual did not list his corporate capacity along

16  with his signature, as required by California Corporations Code

17  § 313.   Am. Compl. ¶ 120.   Section 313, however, does not require

18  that the signatory list his corporate capacity.   It merely states

19  that certain officers may bind a corporation, even if they lack

20  actual authority, so long as the other party to the agreement or

21  instrument signed is unaware that they lack authority.   Cal. Corps.

22  Code § 313.

23        Plaintiff also alleges that he was not contacted as required

24  by California Civil Code § 2923.5.   The purpose of the contact is

25  for the entity that wishes to foreclose to discuss the borrower's

26  financial position and potential alternatives to foreclosure.   Cal.

27  Civ. Code § 2923.5(a)(2).   Defendant argues that pursuant to

28  California Civil Code § 2923.5(g), due diligence to contact the

borrower is sufficient.

California Civil Code § 2923.5(g) permits a foreclosure to proceed without actual contact with the borrower if the foreclosing entity exercised due diligence in attempting to contact the borrower.  Cal. Civ. Code § 2923.5(g).  In this case, Plaintiff only alleges that he was not contacted.  The declaration in the Notice of Default, attached to the Amended Complaint, indicates that Defendants relied on the due diligence exception contained in § 2923.5(g).  Since Plaintiff only alleged that he was not contacted, but did not also allege a lack of due diligence on the part of Defendants, this claim is also insufficiently pleaded.

Accordingly, Plaintiff's Wrongful Foreclosure claim is dismissed without prejudice.

      e. <u>California Business and Professions Code § 17200</u>

Plaintiff alleges that "Defendants [*sic*] conduct overall supports a cause of action under B&P Code § 17200."  Opp., at 24. His argument is that he experienced a wrongful foreclosure, which was just another example of Defendants' unlawful pattern and practice of wrongfully foreclosing on property within California. <u>Id.</u>  Defendants point out that Plaintiff's cause of action necessarily relies on the validity of his other claims.  The Court agrees.

Since Plaintiff has not successfully pleaded a cause of action for wrongful foreclosure, and Plaintiff's Business & Professions Code claim rests solely on Defendants' alleged wrongful foreclosure on Plaintiff's home, this cause of action is dismissed without prejudice.

1          f.   Quiet Title

2     Plaintiff alleges that the "real party in interest on the

3 lender's side may be the owner of the asset-backed security issued

4 by the servicing and pooling vendor, the insurer . . ., or the

5 Federal Government.  . . ."  Compl. ¶ 130.  On this basis,

6 Plaintiff seeks to quiet title.

7     In order to plead a claim to quiet title, the complaint must

8 state: (1) a legal description of the property; (2) the title of

9 the plaintiff and the basis of the title; (3) the adverse claims to

10 the title of the plaintiff; (4) the date as of which the

11 determination is sought; and (5) a prayer for the determination of

12 the title of the plaintiff against adverse claims.  Cal. Civ. Proc.

13 Code § 761.020.  Importantly, "[a] mortgagor cannot quiet his title

14 against the mortgagee without paying the debt secured."  Dyachishin

15 v. America's Wholesale Lenders, 2010 WL 1525703 at *2 (E.D. Cal.

16 April 15, 2010) (quoting Santos v. Countrywide Home Loans, 2009 WL

17 3756337 at *4 (E.D. Cal. Nov. 6, 2009)).

18   Defendants correctly assert that Plaintiff's complaint

19 completely fails to present facts substantiating the requisite

20 elements for a claim to quiet title, and Plaintiff has not alleged

21 his ability to tender.  MTD, at 19-20; accord Dyachishin, 2010 WL

22 1525703 at *2-3 (E.D. Cal. April 15, 2010).  Plaintiff's

23 allegations within this claim indicate that he believes that none

24 of the present Defendants actually lent him money, or at least they

25 do not currently have a beneficial interest in the mortgage.  Am.

26 Compl. ¶¶ 20, 25, 130.  As explained in Part II.C.1, supra,

27 Plaintiff has not adequately pleaded that Recontrust lacks standing

28 to foreclose.  Further, the documents attached to the Amended

1   Complaint by Plaintiff indicate that he executed a Deed of Trust

2   with Defendant BANA to secure a loan taken on the Property.  Am.

3   Compl. Ex. C.  Plaintiff's conclusory claims pleaded without any

4   factual support do not satisfy the pleading standard of Rule 8.

5   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (plaintiff

6   needs to plead "enough facts to state a claim to relief that is

7   plausible on its face.").

8       Accordingly, Defendants' Motion to Dismiss is GRANTED, and

9   Plaintiff's cause of action to quiet title is dismissed without

10  prejudice.

11

12                              III. ORDER

13      After carefully considering the papers submitted in this

14  matter, it is hereby ordered that Defendant's Motion to Dismiss is

15  GRANTED, as follows:

16      1.   Plaintiff's claim for violations of Truth in Lending Act

17  is dismissed without prejudice;

18      2.   Plaintiff's claim for violations of the Real Estate

19  Settlement Procedures Act is dismissed without prejudice;

20      3.   Plaintiff's claim for violations of the Fair Credit

21  Reporting Act is dismissed without prejudice;

22      4.   Plaintiff's claim for fraud is dismissed without

23  prejudice;

24      5.   Plaintiff's claim for unjust enrichment is dismissed with

25  prejudice;

26      6.   Plaintiff's claim for civil RICO violations is dismissed

27  without prejudice;

28      7.   Plaintiff's claim for violations of California Business &

1  Professions Code § 17200 is dismissed without prejudice;

2      8.   Plaintiff's claim for breach of security instrument is

3  dismissed without prejudice;

4      9.   Plaintiff's claim for wrongful foreclosure is dismissed

5  without prejudice;

6      10.  Plaintiff's claim to quiet title is dismissed without

7  prejudice.

8      If Plaintiff wishes to file an Amended Complaint that is in

9  accordance with this Order, it must be filed within twenty (20)

10 days.  Otherwise, Plaintiff should file a notice of dismissal.

11     IT IS SO ORDERED.

12 Dated: October 12, 2011                     _____

13                                             JOHN A. MENDEZ,
                                               UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28