1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  GENNADY SHAPIRO,                    )  Case No. 2:11-CV-00576-JAM-CKD
                                        )
12                   Plaintiff,         )  ORDER GRANTING DEFENDANTS'
                                        )  MOTION TO DISMISS
13       v.                             )
                                        )
14  BANK OF AMERICA, N.A.; PRLAP,       )
    INC.; RECONSTRUCT COMPANY, N.A.;    )
15  BAC HOME LOANS SERVICING, LP;       )
    VERDUGO TRUSTEE SERVICE             )
16  CORPORATION; CITIBANK, N.A.;        )
    MORTGAGE ELECTRONIC REGISTRATION    )
17  SYSTEMS, INC.; and DOES 1           )
    through 20, inclusive,              )
18                                      )
                     Defendants.        )
19  _____)

20       This matter comes before the Court on Defendants Bank of

21  America, N.A. ("BANA"), PRLAP, Inc. ("PRLAP"), BAC Home Loans

22  Servicing, LP ("BAC"), and Recontrust Company, N.A.'s

23  ("Recontrust") (collectively "Defendants") Motion to Dismiss

24  ("MTD") (Doc. #44) Plaintiff Gennady Shapiro's ("Plaintiff") Second

25  Amended Complaint ("SAC") (Doc. #43) pursuant to Federal Rule of

26  Civil Procedure 12(b)(6).[1]  Plaintiff opposes the motion (Doc.

27  _____

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
    scheduled for February 8, 2012.

1

1 | #51), and Defendants filed a reply (Doc. #53).

2 |         I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3 |         This action arises out of a nonjudicial foreclosure of real

4 | property located at 8120 Lone Pine Place, Granite Bay, California

5 | ("the Property").  In July, 2005 Plaintiff executed a written Deed

6 | of Trust with BANA as beneficiary.  The original trustee was PRLAP.

7 | In October 2010, Recontrust recorded a Notice of Default and

8 | Election to Sell Under Deed of Trust ("Notice of Default") on the

9 | Property.  Two days later, Recontrust recorded a Substitution of

10 | Trustee executed by BANA on October 25, 2010 naming Recontrust as

11 | the replacement trustee.  Subsequently, Recontrust recorded a

12 | Notice of Trustee's Sale, and the Property was foreclosed upon.

13 | Plaintiff generally challenges the foreclosure on the grounds that

14 | Defendants did not have an enforceable interest in the Property.

15 |         Defendants filed a Motion to Dismiss the First Amended

16 | Complaint (Doc. #16), which the Court granted in its entirety on

17 | October 12, 2011 (Doc. #40).  Plaintiffs then filed the SAC, which

18 | Defendants now seek to dismiss.  The SAC contains eight claims:

19 | (1) Violation of the Truth in Lending Act; (2) Violation of 15

20 | U.S.C. § 1635; (3) Violation of 12 CFR § 226; (4) Violation of Fair

21 | Debt Collection Practices Act, 15 U.S.C. § 1692; (5) Violation of

22 | Real Estate Settlement Procedures Act; (6) Slander of Title/Quiet

23 | Title; (7) Fraud; and (8) Wrongful Foreclosure.

24 |         The Court has jurisdiction over the federal claims in the SAC

25 | pursuant to 28 U.S.C. § 1331 and jurisdiction over the state law

26 | claims pursuant to 28 U.S.C. § 1367.

27 |         For the reasons set forth below, Defendants' Motion to Dismiss

28 | is GRANTED in its entirety.

II.   OPINION

A.   <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

B.   <u>Judicial Notice</u>

In association with this motion, Defendants ask that the Court take judicial notice of the Deed of Trust, the Substitution of Trustee, the Notice of Default, and the Notice of Trustee's Sale recorded in association with the nonjudicial foreclosure on the Property.  Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim.  The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable

1   dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2

2   (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250

3   F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).  Each of the

4   documents identified by Defendants is attached to the SAC, thus the

5   Court will consider them for the purposes of this motion.

6        C.   Motion to Dismiss

7             1.   The First and Third Causes of Action for Violations
                    of TILA
8

9        Defendants seek dismissal of Plaintiff's first and third

10  causes of action for violations of the Truth in Lending Act

11  ("TILA") on the grounds that TILA does not apply to Plaintiff's

12  mortgage, Plaintiff's TILA claims are time-barred, and Plaintiff

13  did not plead tender of the full amount due on the loan.  Plaintiff

14  responds that his TILA claims are adequately pled, that tender is

15  not required in the circumstances alleged in the complaint, and

16  that the statute of limitations should be tolled.

17       The statute of limitations for TILA damages claim is one year

18  from the occurrence of a violation.  15 U.S.C. § 1640(e).  Under 15

19  U.S.C. § 1635(f), TILA rescission claims expire three years after

20  the date of consummation of the transaction, or upon sale of the

21  property, whichever occurs first.  The limitations periods for both

22  damages and rescissions actions run from the date of consummation

23  of the transaction.  Wadhwa v. Aurora Loan Services, LLC, 2011 WL

24  1601593, *2 (E.D. Cal. April 27, 2011) (citing King v. California,

25  784 F.2d 910, 915 (9th Cir.1986)).

26       In this case, Plaintiff filed his original Complaint on March

27  1, 2011, more than five years after the loan was executed in July

28  2005.  Thus, the Court finds that the filing of the present action

1    was outside of both TILA limitations periods.

2         Plaintiff does not disagree that the action was filed outside

3    of the applicable limitations period, but argues that the

4    limitations period should be tolled by the Court.  Plaintiff's

5    argument is that the statute of limitations should be tolled

6    because he is a lay person unfamiliar with federal and state law.

7    Opp., at 3.  He also argues that as an alleged victim of fraud, he

8    did not have a reasonable opportunity to discover Defendant's

9    fraudulent activities with respect to the loan.  Id.

10        In the Ninth Circuit, "[e]quitable tolling may be applied if,

11   despite all due diligence, a plaintiff is unable to obtain vital

12   information bearing on the existence of his claim."  Santa Maria v.

13   Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing Holmberg

14   v. Armbrecht, 327 U.S. 392, 397 (1946)).  Importantly:

15            [E]quitable tolling does not depend on any wrongful
             conduct by the defendant to prevent plaintiff from
16           suing.  Instead it focuses on whether there was
             excusable delay by the plaintiff.  If a reasonable
17           plaintiff would not have known the existence of a
             possible claim within the limitations period, then
18           equitable tolling will serve to extend the statute of
             limitations for filing suit until plaintiff can gather
19           what information he needs.

20

21   Id. (citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th

22   Cir. 1995)) (other citations omitted).

23        Plaintiff failed to plead facts in his SAC sufficient to meet

24   the due diligence requirement for equitable tolling.  On the one

25   hand, Plaintiff pled that he first learned of Defendants' actions

26   in November 2010 because the alleged non-disclosures and fraudulent

27   actions of Defendants were not apparent from the face of the loan

28   documents.  SAC ¶¶ 51-52.  On the other, Plaintiff pled that some

                                    5

1  of the disclosures were different in the settlement statement

2  compared to the original note.  SAC ¶ 42.  If a disclosure was

3  incorrect based on the actual promissory note, then that incorrect

4  disclosure was readily apparent from a comparison between the

5  disclosure statement and the note itself.  The other disclosures

6  allegedly missing from Plaintiff's TILA statement were items

7  required by TILA.  SAC ¶ 41.  Each alleged nondisclosure was

8  readily identifiable from the face of the documents provided to

9  Plaintiff in 2005.  Plaintiff was not diligent if he failed to

10  closely inspect his loan documents in 2005.

11       Plaintiff also argues that the true identity of the lender was

12  not disclosed to him so that Defendants could perpetuate a fraud on

13  Plaintiff in connection with the securitization of his mortgage.

14  Plaintiff's theory is that the securitization of Plaintiff's

15  mortgage by the lender somehow removed the ability of the lender to

16  record documents related to the mortgage and foreclose in the event

17  of a default.  "This theory . . . has been soundly rejected."  See

18  e.g., Matracia v. JP Morgan Chase Bank, NA, No. CIV. 2:11-190 WBS

19  JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011).  The

20  securitization of Plaintiff's loan is not material to Plaintiff's

21  claims, thus failing to inform Plaintiff about it is not a valid

22  reason to toll the statute of limitations.

23       Plaintiff has not pled a basis upon which the statute of

24  limitations for his TILA claims may be tolled.  Accordingly, his

25  claims are time-barred and they are dismissed.

26            2.    The Second Cause of Action for Violation of 15
                    U.S.C. § 1635
27

28       Defendants seek dismissal of Plaintiff's second cause of

1    action for violation of 15 U.S.C. § 1635 and disclosure

2    requirements under Revised Article 9 of the Uniform Commercial

3    Code.  Defendants argue that UCC Article 9 does not apply to

4    interests in real property.  MTD, at 10 (citing <u>Dorado v. Shea</u>

5    <u>Homes Ltd. P'ship</u>, No. 1:11-cv-01027 OWW-SKO, 2011 U.S. Dist. LEXIS

6    97672, at *14 (E.D. Cal. Aug. 31, 2011)).  Plaintiffs do not respond

7    in their opposition.  Accordingly, this claim is dismissed.

8                3.    The Fourth Cause of Action for Violation of 15
                       U.S.C. § 1692
9

10   Defendants contend that this claim should be dismissed because

11   15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA")

12   does not apply to nonjudicial foreclosure proceedings pursuant to a

13   deed of trust.  Plaintiff responds that his FDCPA claim is properly

14   pled.

15   "[F]oreclosing on [a] property pursuant to a deed of trust is

16   not the collection of a debt within the meaning of the FDCPA . . ."

17   <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp. 2d 1193, 2 (C.D. Cal.

18   2008) (quoting <u>Ines v. Countrywide Home Loans</u>, No. 08cv1267 WQH

19   (NLS), 2008 WL 4791863, *2 (S.D. Cal. Nov. 3, 2008)).

20   Plaintiff's SAC contains allegations related to a mortgage on

21   real property and a foreclosure sale pursuant to a deed of trust.

22   Accordingly, FDCPA does not entitle Plaintiff to relief and this

23   claim is dismissed.

24               4.    The Fifth Cause of Action for Violations of RESPA

25   Defendants seek to dismiss Plaintiff's fifth cause of action,

26   in which Plaintiff alleges that Defendants violated several

27   provisions of the Real Estate Settlement Procedures Act ("RESPA"),

28   12 U.S.C. §§ 2601-2617.  Defendants argue that the cause of action

                                    7

1   is barred by RESPA's statute of limitations, and that Plaintiff's

2   allegations do not meet federal pleading standards.  Plaintiff

3   responds that the statute of limitations should be tolled, and that

4   his RESPA claims are adequately pled.

5        First, Plaintiff alleges that Defendants violated 12 U.S.C.

6   §§ 2605 and 2607 by "except[ing] [*sic*] charges for the rendering of

7   real estate services which were in fact charges for other than

8   services [*sic*] actually performed. . . ."  SAC ¶ 98.

9        RESPA proscribes referral fees or fee splitting "in

10  connection with a transaction involving a federally related

11  mortgage loan. . . ."  12 U.S.C. § 2607(a), (b).  Plaintiff alleges

12  that fees were collected to "purchase securities and the attendant

13  fees [*sic*] provided for in the MBST Master Sales and Servicing

14  Agreement."  SAC ¶ 98.  Plaintiff does not include allegations

15  anywhere in the SAC or explain in his Opposition what the MBST is,

16  or why the fees assessed were improper.  Without some indication in

17  the complaint as to what fees and amounts Plaintiff is referring

18  to, his claim cannot survive Defendants' motion.

19       Plaintiff also alleges violations of 12 U.S.C. § 2605(e).  As

20  Defendants argue and Plaintiff's SAC points out, § 2605(e) requires

21  a servicer to take certain actions when a Qualified Written Request

22  ("QWR") is received.  12 U.S.C. § 2605(e).

23       The statute defines a QWR to be a written correspondence

24  distinct from correspondence associated with regular payments which

25  is sent by the borrower to the servicer of a loan.  12 U.S.C.

26  § 2605(e).  The QWR must include information by which the loan

27  servicer can identify the borrower's account, and must include a

28  statement of reasons why the borrower believes that the account is

1   in error.   12 U.S.C. §§ 2605(e)(1)-(2).

2       The SAC contains only a generalized allegation that "Plaintiff

3   has previously made written demands to Defendants to show evidence

4   of standing to claim a debt."   SAC ¶ 96.   The SAC does not indicate

5   that this written correspondence met the QWR requirements.   Drawing

6   all reasonable inferences in favor of Plaintiff, there is no

7   allegation that Plaintiff sent Defendants a QWR.   A QWR is a

8   statutorily created tool that borrowers may use to correct mistakes

9   made by a loan servicer.   Plaintiff's allegation indicates that he

10  sent correspondence seeking to challenge the legality of the

11  mortgage itself or the propriety of foreclosure proceedings, not

12  correspondence that amounts to a QWR.   Plaintiff's § 2605(e) claim

13  must be dismissed because Plaintiff does not allege that he sent

14  Defendants a QWR.

15      Defendants also seek dismissal on the grounds that both of

16  these claims fall outside of the applicable statute of limitations.

17  Plaintiff argues that the limitations period should be tolled.

18      According to 12 U.S.C. § 2614, violations of § 2605 must be

19  brought within 3 years and violations of § 2607 must be brought

20  within 1 year, and the equitable tolling standard discussed above

21  applies to RESPA claims.

22      Although Plaintiff alleges that he did not learn about

23  Defendants' actions until 2010, he does not plead facts to show due

24  diligence on his part to discover information vital to his claims.

25  The Court finds that Plaintiff's allegations concerning tolling do

26  not meet the applicable standard.

27      Accordingly, Plaintiff's RESPA claims are dismissed.

28

1          5.    The Sixth Cause of Action for Fraud

2          Plaintiff alleges that BANA concealed material information

3   from him, in violation of state and federal regulations.

4   Specifically, Plaintiff alleges that he was not informed that his

5   loan would be conveyed to a third party, or that his loan payments

6   were going to be used by Bank of America to pay fees, buy

7   insurance, and buy other credit enhancements on behalf of a third

8   party.  Defendants argue that Plaintiff has still not pled an

9   actionable misrepresentation.

10         From the allegations in the SAC, it is clear that Plaintiff's

11  claims rest on the legally unsound theory that securitization of a

12  mortgage makes the debt obligation unenforceable.  The fact that

13  BANA allegedly securitized the mortgage does not make the mortgage,

14  deed of trust, or subsequent documents invalid or fraudulent.

15  Matracia, 2011 WL 5374776, at *3.

16         Defendants also point out that Plaintiff's claim is barred by

17  the applicable three-year statute of limitations contained in Cal.

18  Civ. Proc. Code § 338.  Plaintiff argues that the statute of

19  limitations should be tolled.  Plaintiff's allegations, however, do

20  not meet the equitable tolling standard.  The SAC does not contain

21  allegations that Plaintiff displayed due-diligence in seeking out

22  information vital to his claim.

23         Because Plaintiff's fraud claim is time-barred and his

24  Complaint fails to meet the pleading standard set by Rule 9(b),

25  this claim is dismissed.

26         6.    The Seventh Cause of Action for Slander of Title and
                 Petition to Quiet Title
27

28         Defendants move to dismiss Plaintiff's quiet title claim on

                                    10

1   the grounds that Plaintiff has not established title to the

2   property and he has failed to discharge his debt on the property,

3   which is a prerequisite to a quiet title action.  Plaintiff

4   responds generally that since no defendant has legal title to the

5   Property, then the claim is properly pled.

6       In order to plead a claim to quiet title, the complaint must

7   state: (1) a legal description of the property; (2) the title of

8   the plaintiff and the basis of the title; (3) the adverse claims to

9   the title of the plaintiff; (4) the date as of which the

10  determination is sought; and (5) a prayer for the determination of

11  the title of the plaintiff against adverse claims.  Cal. Civ. Proc.

12  Code § 761.020.  Importantly, "[a] mortgagor cannot quiet his title

13  against the mortgagee without paying the debt secured." Dyachishin

14  v. America's Wholesale Lenders, 2010 WL 1525703 at *2 (E.D. Cal.

15  April 15, 2010) (quoting Santos v. Countrywide Home Loans, 2009 WL

16  3756337 at *4 (E.D. Cal. Nov. 6, 2009)).

17      Plaintiff has not satisfied the debt on the property, which is

18  fatal to his quiet title claim.  While Plaintiff argues that

19  requiring tender of the amount due would be inequitable in this

20  case, he does not present facts supporting such a conclusion.

21  Further, it is clear that Plaintiff's title is predicated on the

22  unenforceability of the deed of trust executed in BANA's favor, but

23  Plaintiff presents no legally cognizable theory under which the

24  deed of trust can be properly invalidated.  As a result, Plaintiff

25  has not pled his title to the property and the basis for it, nor

26  has he pled facts sufficient to justify waiving the tender

27  requirement of a quiet title action.  Accordingly, this claim is

28  dismissed.

1    With regard to Plaintiff's slander of title claim, Defendants

2  argue that it should be dismissed because the only published

3  statements made by Defendants were with respect to the nonjudicial

4  foreclosure process and were therefore privileged.

5    A slander of title claim consists of "(1) a publication,

6  (2) which is without privilege or justification, (3) which is

7  false, and (4) which causes direct and immediate pecuniary loss."

8  Manhattan Loft, LLC v. Mercury Liquors, Inc., 93 Cal.Rptr.3d 457,

9  464 (Ct. App. 2009).  Statutorily required statements made in

10 conjunction with a nonjudicial foreclosure are privileged

11 communications.  Kachlon v. Markowitz, 85 Cal.Rptr.3d 532, 545 (Ct.

12 App. 2008).  Such statements are not privileged if malice is shown.

13 Id.

14    In this case, Plaintiff has not pled allegations that show

15 that Defendants' publications in conjunction with the nonjudicial

16 foreclosure on the Property were false, because Plaintiff has not

17 shown that the deed of trust was invalidated by the securitization

18 process, as discussed above.  Further, Plaintiff has not pled facts

19 sufficient to show that Defendants acted out of malice when

20 recording documents related to the nonjudicial foreclosure on the

21 Property, meaning that the recorded documents are privileged.

22 Plaintiff failed to allege two out of four of the necessary

23 elements of a slander of title claim, and this claim is dismissed

24 as a result.

25    7.   The Eighth Cause of Action for Wrongful Foreclosure

26    The caption to the SAC contains an eighth cause of action for

27 wrongful foreclosure, but Defendants point out that allegations

28 supporting it are absent from the body of the pleading.  Defendants

1  seek dismissal of this claim because it is not pled.  Plaintiff

2  does not oppose Defendants' motion on this claim, and this claim is

3  accordingly dismissed.

4          8.   Defendants' Motion to Strike

5      Defendants also move to strike Plaintiff's requests for

6  punitive damages and attorney's fees.  As all claims against

7  Defendants are dismissed in this order, this motion is denied as

8  moot.

9          9.   Leave to Amend

10     Defendants request that dismissal of all claims be without

11 leave to amend. Plaintiff requests leave to amend the complaint if

12 dismissal is granted.

13     Upon granting a motion to dismiss for failure to state a

14 claim, the court has discretion to allow leave to amend the

15 complaint pursuant to Federal Rule of Civil Procedure 15(a).

16 "Dismissal with prejudice and without leave to amend is not

17 appropriate unless it is clear . . . that the complaint could not

18 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,

19 316 F.3d 1048, 1052 (9th Cir. 2003).

20     In this case, Plaintiff has filed three complaints predicated

21 on the same rejected legal theory that a securitized mortgage is an

22 unenforceable debt.  Plaintiff amended once by right and his

23 resulting First Amended Complaint was subsequently dismissed with

24 leave to file a second amended complaint, which Plaintiff did.  It

25 is clear to the Court that further amendment will not save

26 Plaintiff's claims because the factual allegations in the SAC

27 indicate that Defendants were legally entitled to foreclose on the

28 Property, and any claims unrelated to the foreclosure process are

13

1 time-barred.   Accordingly, the dismissal of all claims is with

2 prejudice.

3                          III. ORDER

4    After carefully considering the papers submitted in this matter,

5 it is hereby ordered that Defendants' Motion to Dismiss is GRANTED

6 in its entirety without leave to amend.   Defendants Bank of

7 America, N.A.; PRLAP, Inc.; Recontrust Company, N.A.; and BAC Home

8 Loans Servicing, LP are hereby dismissed from this lawsuit.

9 Defendants' motion to strike is denied as moot.

10    IT IS SO ORDERED.

11    Dated: February 29,2012

12                               JOHN A. MENDEZ,
                                 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28