UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNADY SHAPIRO, | Case No. 2:11-CV-00576-JAM-CKDI |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BANK OF AMERICA, N.A.; PRLAP, INC.; RECONSTRUCT COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; VERDUGO TRUSTEE SERVICE CORPORATION; CITIBANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 20, inclusive, | |
| Defendants. | |

This matter comes before the Court on Defendants Bank of America, N.A. ("BANA"), PRLAP, Inc. ("PRLAP"), BAC Home Loans Servicing, LP ("BAC"), and Recontrust Company, N.A.'s ("Recontrust") (collectively "Defendants") Motion to Dismiss ("MTD") (Doc. #44) Plaintiff Gennady Shapiro's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. #43) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposes the motion (Doc.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for February 8, 2012.

1

#51), and Defendants filed a reply (Doc. #53).

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of a nonjudicial foreclosure of real property located at 8120 Lone Pine Place, Granite Bay, California ("the Property"). In July, 2005 Plaintiff executed a written Deed of Trust with BANA as beneficiary. The original trustee was PRLAP. In October 2010, Recontrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") on the Property. Two days later, Recontrust recorded a Substitution of Trustee executed by BANA on October 25, 2010 naming Recontrust as the replacement trustee. Subsequently, Recontrust recorded a Notice of Trustee's Sale, and the Property was foreclosed upon. Plaintiff generally challenges the foreclosure on the grounds that Defendants did not have an enforceable interest in the Property.

Defendants filed a Motion to Dismiss the First Amended Complaint (Doc. #16), which the Court granted in its entirety on October 12, 2011 (Doc. #40). Plaintiffs then filed the SAC, which Defendants now seek to dismiss. The SAC contains eight claims: (1) Violation of the Truth in Lending Act; (2) Violation of 15 U.S.C. § 1635; (3) Violation of 12 CFR § 226; (4) Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (5) Violation of Real Estate Settlement Procedures Act; (6) Slander of Title/Quiet Title; (7) Fraud; and (8) Wrongful Foreclosure.

The Court has jurisdiction over the federal claims in the SAC pursuant to 28 U.S.C. § 1331 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED in its entirety.

2

II.   OPINION

A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Judicial Notice

In association with this motion, Defendants ask that the Court take judicial notice of the Deed of Trust, the Substitution of Trustee, the Notice of Default, and the Notice of Trustee's Sale recorded in association with the nonjudicial foreclosure on the Property.  Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim.  The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable

dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201). Each of the documents identified by Defendants is attached to the SAC, thus the Court will consider them for the purposes of this motion.

C.   Motion to Dismiss

1.   The First and Third Causes of Action for Violations of TILA

Defendants seek dismissal of Plaintiff's first and third causes of action for violations of the Truth in Lending Act ("TILA") on the grounds that TILA does not apply to Plaintiff's mortgage, Plaintiff's TILA claims are time-barred, and Plaintiff did not plead tender of the full amount due on the loan. Plaintiff responds that his TILA claims are adequately pled, that tender is not required in the circumstances alleged in the complaint, and that the statute of limitations should be tolled.

The statute of limitations for TILA damages claim is one year from the occurrence of a violation. 15 U.S.C. § 1640(e). Under 15 U.S.C. § 1635(f), TILA rescission claims expire three years after the date of consummation of the transaction, or upon sale of the property, whichever occurs first. The limitations periods for both damages and rescissions actions run from the date of consummation of the transaction. Wadhwa v. Aurora Loan Services, LLC, 2011 WL 1601593, *2 (E.D. Cal. April 27, 2011) (citing King v. California, 784 F.2d 910, 915 (9th Cir.1986)).

In this case, Plaintiff filed his original Complaint on March 1, 2011, more than five years after the loan was executed in July 2005. Thus, the Court finds that the filing of the present action

4

was outside of both TILA limitations periods.

Plaintiff does not disagree that the action was filed outside of the applicable limitations period, but argues that the limitations period should be tolled by the Court. Plaintiff's argument is that the statute of limitations should be tolled because he is a lay person unfamiliar with federal and state law. Opp., at 3. He also argues that as an alleged victim of fraud, he did not have a reasonable opportunity to discover Defendant's fraudulent activities with respect to the loan. Id.

In the Ninth Circuit, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)). Importantly:

> [E]quitable tolling does not depend on any wrongful conduct by the defendant to prevent plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until plaintiff can gather what information he needs.

Id. (citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th Cir. 1995)) (other citations omitted).

Plaintiff failed to plead facts in his SAC sufficient to meet the due diligence requirement for equitable tolling. On the one hand, Plaintiff pled that he first learned of Defendants' actions in November 2010 because the alleged non-disclosures and fraudulent actions of Defendants were not apparent from the face of the loan documents. SAC ¶¶ 51-52. On the other, Plaintiff pled that some

of the disclosures were different in the settlement statement compared to the original note. SAC ¶ 42. If a disclosure was incorrect based on the actual promissory note, then that incorrect disclosure was readily apparent from a comparison between the disclosure statement and the note itself. The other disclosures allegedly missing from Plaintiff's TILA statement were items required by TILA. SAC ¶ 41. Each alleged nondisclosure was readily identifiable from the face of the documents provided to Plaintiff in 2005. Plaintiff was not diligent if he failed to closely inspect his loan documents in 2005.

Plaintiff also argues that the true identity of the lender was not disclosed to him so that Defendants could perpetuate a fraud on Plaintiff in connection with the securitization of his mortgage. Plaintiff's theory is that the securitization of Plaintiff's mortgage by the lender somehow removed the ability of the lender to record documents related to the mortgage and foreclose in the event of a default. "This theory . . . has been soundly rejected." See e.g., Matracia v. JP Morgan Chase Bank, NA, No. CIV. 2:11-190 WBS JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011). The securitization of Plaintiff's loan is not material to Plaintiff's claims, thus failing to inform Plaintiff about it is not a valid reason to toll the statute of limitations.

Plaintiff has not pled a basis upon which the statute of limitations for his TILA claims may be tolled. Accordingly, his claims are time-barred and they are dismissed.

        2. <u>The Second Cause of Action for Violation of 15 U.S.C. § 1635</u>

Defendants seek dismissal of Plaintiff's second cause of

6

action for violation of 15 U.S.C. § 1635 and disclosure requirements under Revised Article 9 of the Uniform Commercial Code. Defendants argue that UCC Article 9 does not apply to interests in real property. MTD, at 10 (citing Dorado v. Shea Homes Ltd. P'ship, No. 1:11-cv-01027 OWW-SKO, 2011 U.S. Dist. LEXIS 97672, at *14 (E.D. Cal. Aug. 31, 2011)). Plaintiffs do not respond in their opposition. Accordingly, this claim is dismissed.

        3.   The Fourth Cause of Action for Violation of 15 U.S.C. § 1692

Defendants contend that this claim should be dismissed because 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA") does not apply to nonjudicial foreclosure proceedings pursuant to a deed of trust. Plaintiff responds that his FDCPA claim is properly pled.

"[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA . . ." Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 2 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, *2 (S.D. Cal. Nov. 3, 2008)).

Plaintiff's SAC contains allegations related to a mortgage on real property and a foreclosure sale pursuant to a deed of trust. Accordingly, FDCPA does not entitle Plaintiff to relief and this claim is dismissed.

        4.   The Fifth Cause of Action for Violations of RESPA

Defendants seek to dismiss Plaintiff's fifth cause of action, in which Plaintiff alleges that Defendants violated several provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. Defendants argue that the cause of action

7

is barred by RESPA's statute of limitations, and that Plaintiff's allegations do not meet federal pleading standards.  Plaintiff responds that the statute of limitations should be tolled, and that his RESPA claims are adequately pled.

First, Plaintiff alleges that Defendants violated 12 U.S.C. §§ 2605 and 2607 by "except[ing] [*sic*] charges for the rendering of real estate services which were in fact charges for other than services [*sic*] actually performed. . . ."  SAC ¶ 98.

RESPA proscribes referral fees or fee splitting "in connection with a transaction involving a federally related mortgage loan. . . ."  12 U.S.C. § 2607(a), (b).  Plaintiff alleges that fees were collected to "purchase securities and the attendant fees [*sic*] provided for in the MBST Master Sales and Servicing Agreement."  SAC ¶ 98.  Plaintiff does not include allegations anywhere in the SAC or explain in his Opposition what the MBST is, or why the fees assessed were improper.  Without some indication in the complaint as to what fees and amounts Plaintiff is referring to, his claim cannot survive Defendants' motion.

Plaintiff also alleges violations of 12 U.S.C. § 2605(e).  As Defendants argue and Plaintiff's SAC points out, § 2605(e) requires a servicer to take certain actions when a Qualified Written Request ("QWR") is received.  12 U.S.C. § 2605(e).

The statute defines a QWR to be a written correspondence distinct from correspondence associated with regular payments which is sent by the borrower to the servicer of a loan.  12 U.S.C. § 2605(e).  The QWR must include information by which the loan servicer can identify the borrower's account, and must include a statement of reasons why the borrower believes that the account is

8

in error. 12 U.S.C. §§ 2605(e)(1)-(2).

The SAC contains only a generalized allegation that "Plaintiff has previously made written demands to Defendants to show evidence of standing to claim a debt." SAC ¶ 96. The SAC does not indicate that this written correspondence met the QWR requirements. Drawing all reasonable inferences in favor of Plaintiff, there is no allegation that Plaintiff sent Defendants a QWR. A QWR is a statutorily created tool that borrowers may use to correct mistakes made by a loan servicer. Plaintiff's allegation indicates that he sent correspondence seeking to challenge the legality of the mortgage itself or the propriety of foreclosure proceedings, not correspondence that amounts to a QWR. Plaintiff's § 2605(e) claim must be dismissed because Plaintiff does not allege that he sent Defendants a QWR.

Defendants also seek dismissal on the grounds that both of these claims fall outside of the applicable statute of limitations. Plaintiff argues that the limitations period should be tolled.

According to 12 U.S.C. § 2614, violations of § 2605 must be brought within 3 years and violations of § 2607 must be brought within 1 year, and the equitable tolling standard discussed above applies to RESPA claims.

Although Plaintiff alleges that he did not learn about Defendants' actions until 2010, he does not plead facts to show due diligence on his part to discover information vital to his claims. The Court finds that Plaintiff's allegations concerning tolling do not meet the applicable standard.

Accordingly, Plaintiff's RESPA claims are dismissed.

                5.   <u>The Sixth Cause of Action for Fraud</u>

     Plaintiff alleges that BANA concealed material information from him, in violation of state and federal regulations. Specifically, Plaintiff alleges that he was not informed that his loan would be conveyed to a third party, or that his loan payments were going to be used by Bank of America to pay fees, buy insurance, and buy other credit enhancements on behalf of a third party. Defendants argue that Plaintiff has still not pled an actionable misrepresentation.

     From the allegations in the SAC, it is clear that Plaintiff's claims rest on the legally unsound theory that securitization of a mortgage makes the debt obligation unenforceable. The fact that BANA allegedly securitized the mortgage does not make the mortgage, deed of trust, or subsequent documents invalid or fraudulent. <u>Matracia</u>, 2011 WL 5374776, at *3.

     Defendants also point out that Plaintiff's claim is barred by the applicable three-year statute of limitations contained in Cal. Civ. Proc. Code § 338. Plaintiff argues that the statute of limitations should be tolled. Plaintiff's allegations, however, do not meet the equitable tolling standard. The SAC does not contain allegations that Plaintiff displayed due-diligence in seeking out information vital to his claim.

     Because Plaintiff's fraud claim is time-barred and his Complaint fails to meet the pleading standard set by Rule 9(b), this claim is dismissed.

                6.   <u>The Seventh Cause of Action for Slander of Title and Petition to Quiet Title</u>

     Defendants move to dismiss Plaintiff's quiet title claim on

10

the grounds that Plaintiff has not established title to the property and he has failed to discharge his debt on the property, which is a prerequisite to a quiet title action. Plaintiff responds generally that since no defendant has legal title to the Property, then the claim is properly pled.

In order to plead a claim to quiet title, the complaint must state: (1) a legal description of the property; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against adverse claims. Cal. Civ. Proc. Code § 761.020. Importantly, "[a] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Dyachishin v. America's Wholesale Lenders, 2010 WL 1525703 at *2 (E.D. Cal. April 15, 2010) (quoting Santos v. Countrywide Home Loans, 2009 WL 3756337 at *4 (E.D. Cal. Nov. 6, 2009)).

Plaintiff has not satisfied the debt on the property, which is fatal to his quiet title claim. While Plaintiff argues that requiring tender of the amount due would be inequitable in this case, he does not present facts supporting such a conclusion. Further, it is clear that Plaintiff's title is predicated on the unenforceability of the deed of trust executed in BANA's favor, but Plaintiff presents no legally cognizable theory under which the deed of trust can be properly invalidated. As a result, Plaintiff has not pled his title to the property and the basis for it, nor has he pled facts sufficient to justify waiving the tender requirement of a quiet title action. Accordingly, this claim is dismissed.

With regard to Plaintiff's slander of title claim, Defendants argue that it should be dismissed because the only published statements made by Defendants were with respect to the nonjudicial foreclosure process and were therefore privileged.

A slander of title claim consists of "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." Manhattan Loft, LLC v. Mercury Liquors, Inc., 93 Cal.Rptr.3d 457, 464 (Ct. App. 2009). Statutorily required statements made in conjunction with a nonjudicial foreclosure are privileged communications. Kachlon v. Markowitz, 85 Cal.Rptr.3d 532, 545 (Ct. App. 2008). Such statements are not privileged if malice is shown. Id.

In this case, Plaintiff has not pled allegations that show that Defendants' publications in conjunction with the nonjudicial foreclosure on the Property were false, because Plaintiff has not shown that the deed of trust was invalidated by the securitization process, as discussed above. Further, Plaintiff has not pled facts sufficient to show that Defendants acted out of malice when recording documents related to the nonjudicial foreclosure on the Property, meaning that the recorded documents are privileged. Plaintiff failed to allege two out of four of the necessary elements of a slander of title claim, and this claim is dismissed as a result.

7. The Eighth Cause of Action for Wrongful Foreclosure

The caption to the SAC contains an eighth cause of action for wrongful foreclosure, but Defendants point out that allegations supporting it are absent from the body of the pleading. Defendants

12

seek dismissal of this claim because it is not pled.  Plaintiff does not oppose Defendants' motion on this claim, and this claim is accordingly dismissed.

### 8. Defendants' Motion to Strike

Defendants also move to strike Plaintiff's requests for punitive damages and attorney's fees.  As all claims against Defendants are dismissed in this order, this motion is denied as moot.

### 9. Leave to Amend

Defendants request that dismissal of all claims be without leave to amend. Plaintiff requests leave to amend the complaint if dismissal is granted.

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Plaintiff has filed three complaints predicated on the same rejected legal theory that a securitized mortgage is an unenforceable debt.  Plaintiff amended once by right and his resulting First Amended Complaint was subsequently dismissed with leave to file a second amended complaint, which Plaintiff did.  It is clear to the Court that further amendment will not save Plaintiff's claims because the factual allegations in the SAC indicate that Defendants were legally entitled to foreclose on the Property, and any claims unrelated to the foreclosure process are

1  time-barred.  Accordingly, the dismissal of all claims is with
2  prejudice.

### III. ORDER

After carefully considering the papers submitted in this matter, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED in its entirety without leave to amend.  Defendants Bank of America, N.A.; PRLAP, Inc.; Recontrust Company, N.A.; and BAC Home Loans Servicing, LP are hereby dismissed from this lawsuit. Defendants' motion to strike is denied as moot.

IT IS SO ORDERED.

Dated: February 29, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE